ADKINS, Justice,
dissenting.
Petitioners assert that the current voting procedure effectively and impermissibly operates to disenfranchise the vast majority of the Bar membership. I agree.
The significance of Bar dues cannot be gainsaid. Indeed, failure to pay Bar dues is tantamount to temporary disbarment as it deprives one of the ability to practice law in this state. Fla. Bar Integr. Rule, art. VIII, § 2. One of the considerations which led this Court to approve an integrated bar in 1949 was that it would provide “a fair and equitable method by which each and every lawyer [could] participate in and help bear the burden of carrying on the activities of the bar . . . .” Petition of Florida State Bar Association, 40 So.2d 902, 904 (Fla.1949). Dues, then called “membership fees”, were considered a necessary incident to regulation and essential to defray the expense of an integrated bar program. Id. at 907. The issue of whether to increase the amount to be extracted as a condition of membership in the Florida Bar and of one’s ability to practice one’s profession is of sufficient importance that lawyer-input should be maximized, not impeded. See In re Amendment to Integration Rule and Bylaws of Florida Bar, Dues, 358 So.2d 1363, 1367 (Fla.1978), Adkins, J., dissenting.
The Florida Bar has grown from some 2700 members in 1949 to the “size of a small city” in December of 1978. G. Borgognoni and M. Keane, Practice before the Supreme Court of Florida: A Practical Analysis, 8 Stetson L.Rev. 318, 356 (1979). There simply is no way that over 23,000 lawyers can attend the annual business meeting and vote on dues, even if the time and money were available to do so.
The Bar argues that the oral debate at the annual meeting enables those who have availed themselves of the budgetary information published in the Florida Bar News and Florida Bar Journal to raise questions as to the propriety of an increase. However, there is no good reason to assume that *DCCLXXXV questions propounded at such a late date by and to the minority of active members able to attend the meeting will bring to light the concerns of the majority or nonpresent members.
The Bar also contends that if the majority is dissatisfied their recourse is to elect a new Board of Governors. It is the duty of the Board, as the representative body, to scrutinize the budget at length before voting to seek such items as a dues increase. Fla. Bar Integr. Rule, art. IX. The procedure of budgetary analysis includes opportunities for lawyers to file suggestions and objections with reference thereto, id.; but petitioners do not challenge the validity of this procedure or the notice requirements thereof. A membership vote in whatever form must be cast by one who is informed in order to be meaningful. The current method of seeking membership approval renders ineffective all the input and notice procedures alluded to herein. It does no good whatsoever to allow lawyers all over the state an opportunity to be heard and to be knowledgeable on a matter of vital interest then needlessly to limit the final and most important decision by a time and place requirement. I say needlessly because a secret mail referendum on the proposed dues increase would not be prohibitively expensive; nor would it be so administratively arduous as to outweigh the advantages. The Bar has expressed concern that if a mail ballot is required on the matter of a dues increase, a referendum will be required on all major issues. Such concern is unfounded, as dues are appropriately given special consideration in the Integration Rule commensurate with the integral role they play in supporting the Bar’s very existence. Petition of Florida State Bar Association, supra.